## Joseph McDowell v. W. H. Neal.

[Abstract Kentucky Law Reporter, Vol. 5—331.]

**Expectancy Can Not Be Contracted Away.**

 The mere expectance of inheriting from another can not be made the subject of a contract. The party contracting to convey must at the time have either a vested or contingent interest in the subject-matter of the conveyance. This is an exception to the rule that a grantor will be estopped by reason of his warranty or the character of the conveyance.

APPEAL FROM ROBERTSON CHANCERY COURT.

October 9, 1883.

Opinion by Judge Pryor:

Malinda Neal, the mother of Wm. H. Neal, was the owner in fee of a certain tract of land in the county of Robertson, and at her death a partition was sought to be made by her children. The appellant, McDowell, claimed to be the owner of the interest of Wm. H. Neal by purchase from him, prior to his mother's death. He files a conveyance by which William conveys to him all his then interest or all the interest he may thereafter acquire for the sum of $60 with a clause warranting the title. The defense made is that the conveyance evidences the sale of an expectancy only and is void, with the further allegation that such was the contract between the parties.

Counsel for the appellant maintains that the parties were bargaining for an interest then vested in the appellee, and that the construction of the will under which the mother held rendered it doubtful whether she held the estate in fee simple or for life only. This appears only in argument, as it is manifest from the conveyance, the price paid, and the duration of the estate vested in the mother, that it was a mere chancing bargain or rather the contract for a sale of a mere expectancy, that has the effect, if sustained, of changing the course of descent as regulated by law and vesting the title

in a stranger. The estate attempted to be conveyed is now worth ten times as much as when the contract was made, the mother having died, and the son succeeding to the estate by inheritance. Wm. Neal had no interest to convey prior to the death of his mother, and it has often been decided that the mere exceptance of inheriting from another can not be made the subject of a contract. The party contracting to convey must have either a vested or contingent interest in the subject-matter of the conveyance. A grantor will in most cases be estopped by reason of his warranty or the character of the conveyance, but there are exceptions to this rule and this case is within the exceptions, as the appellee had no interest in the land conveyed. The mother could have disposed of it either by deed or will so as to have excluded the children from any interest whatever in the estate. The expectance of inheriting can not be made the subject of a grant, because there is an entire absence of any subject-matter to be conveyed. See *Beard v. Griggs*, 1 J. J. Marsh. (Ky.) 22; *Wheeler's Exrs. v. Wheeler*, 2 Metc. (Ky.) 474, 74 Am. Dec. 421.

Besides such contracts, whether executory or executed, are fraudulent as to those who own the estate and have the right to believe that their next of kin at their death, who are the objects of their bounty, will succeed to and enjoy the estate left. Under such a precedent, as is claimed, should be established by counsel for appellant, the heir expectant is permitted to designate the heir of the ancestor and to traffice in expectant bounties, at the expense of those whose labor and economy has accumulated the estate. Courts of equity even in cases where there are remainder interests watch with caution contracts made with the reversioner or remainderman when by reason of pressing pecuniary demands they part with their interests in the estate.

In this case it is attempted to be shown that the sale was made by the consent of the mother. Upon this point the testimony is conflicting, and if established, this court held in *Wheeler's Exrs. v. Wheeler*, 2 Metc. (Ky.) 474, 74 Am. Dec. 421, that the consent did not make the contract binding, as there was no such consent given as would bind the ancestor. In *Lee's Exr. v. Lee*, 2 Duv. (Ky.) 134, the ancestor not only agreed to the sale but bound himself in writing to see it executed.

The warranty made does not estop the party from making the

defense. The contract being void the warranty is also void. Nor is there a lien on the land for the money advanced. If appellee could not convey it he could not create a lien upon it, and the chancellor under such a contract will not afford the relief. I Story's Eq. Jur. (11th ed.), 363; *Boynton v. Hubbard, 7* Mass. 112.

Judgment *affirmed.*

*O. S. Deming, W. P. Ross,* for appellant.
*Winfred Buckner, A. Duvall,* for appellee.